Scott M. Grace (SBN 236621)
sgrace@gracelawapc.com
The Grace Law Group, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
Phone (619) 346-4600
Fax (619) 501-8106

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Consumer Attorney Advocates, Inc.
5694 Mission Center Road, #358
San Diego, CA 92108
Phone (619) 665-3888
Fax (314) 241-5777

Attorneys for Plaintiff, Duke Sanchez

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE SANCHEZ,<br><br>                               Plaintiff,<br><br>          vs.<br><br>SERENGETI FINANCIAL, LLC AND LANNISTER LAW CORPORATION,<br><br>                               Defendants. | Case No. 5:20-cv-00146-FMO-SP<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, AND THE FAIR DEBT BUYING PRACTICES ACT |

## I.    Introduction

1.      Plaintiff Duke Sanchez, ("Sanchez" or "Plaintiff"), through his counsel, brings this action to challenge the acts of Defendant Serengeti Financial LLC ("Serengeti") and Defendant Lannister Law Corporation ("Lannister") (collectively "Defendants"), regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the acts of Serengeti alone regarding the California Fair Debt Buying Practices Act, Cal. Civ. Code §1788.50, *et seq* ("FDBPA").

1     2.     Plaintiff makes these allegations on information and belief, with the

2 exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which

3 Plaintiff alleges on personal knowledge.

4     3.     While many violations are described below with specificity, this

5 Complaint alleges violations of the statutes cited in their entirety.

6     4.     Any violations by Defendants were knowing, willful, and intentional,

7 and Defendants did not maintain procedures reasonably adapted to avoid any such

8 violations.

9 **II.    Jurisdiction and Venue**

10     5.     This action arises out of violations by Defendants of the FDCPA under

11 15 U.S.C. §1692, *et seq*., and by Defendant Serengeti of the FDBPA under Cal. Civ.

12 Code §1788.50, *et seq.*

13     6.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C.

14 §1692(k), and 28 U.S.C. §1367 for supplemental state claims.

15     7**.**     As both Defendants engage in business in the state of California and

16 committed the acts that form the basis for this suit in the state of California, the

17 Court has personal jurisdiction over Defendants for purposes of this action.

18     8.     Venue is proper pursuant to 28 U.S.C. §1391(b) as a substantial part of

19 the acts or omissions giving rise to the claims occurred in the County of San

20 Bernardino.

21 **III.   Parties**

22 *Plaintiff*

23     9.     Plaintiff is a natural person residing in California, and is a consumer

24 within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a natural

25 person purportedly obligated to pay a consumer debt, allegedly owed to Serengeti

26 (hereinafter "Debt"), and incorporated into the FDBPA under California Civil Code

27 § 1788.50(c).

28

*Serengeti*

10.     At all relevant times, Plaintiff is informed and believes that Defendant Serengeti is and was a California limited liability company ("LLC") engaged in the business of purchasing and collecting charged-off consumer debts and is a "debt buyer" as that term is defined by California Civil Code §1788.50(a)(1).

11.     Serengeti's principal purpose is to collect money on the debts it purchases, and as such Serengeti is a "debt collector" under 15 U.S.C. §1692a.

*Lannister*

12.     At all relevant times, Plaintiff is informed and believes that Defendant Lannister is and was a California corporation engaged in the business of collecting consumer debts in this state with its principal place of business located at 2366 Gold Meadow Way, Suite 250, Gold River, California.

13.     At all relevant times, Plaintiff is informed and believes that Defendant Lannister is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

14.     At all relevant times, Plaintiff is informed and believes that Defendant Lannister is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

## IV.    Facts Common to all Claims for Relief

15.     On May 17, 2019, on behalf of Serengeti, Lannister filed a complaint, in the Superior Court of California for the County of San Bernardino against

1  Plaintiff, in the matter of *Serengeti Financial LLC v. Duke Sanchez*, case number
2  CIVDS1915062. (Exhibit 1, *State Court Complaint*)

3       16.    Plaintiff was served with a copy of the State Court Complaint.

4  ***False Claim that Serengeti was the only entity to purchase the debt***

5       17.    In the State Court Complaint, Defendants claimed that "LoanMe Inc."
6  was the original creditor for the account at issue and was also the charge-off
7  creditor.[1]

8       18.    Defendants further claimed that LoanMe Inc. assigned the account at
9  issue, and that Serengeti was "the assignee of the Account" and "the sole owner of
10 this debt."[2]

11      19.    Defendants then identified one additional entity, CCI Acquisitions, as
12 the only additional entity that purchased the account at issue after charge-off.[3]

13      20.    This representation, both express and implicit, that Loan Me Inc, CCI
14 Acquisitions, and Serengeti were the only entities to own the account was false.

15      21.    Serengeti attached documents in its response to Sanchez's request for
16 production of documents that indicate a fourth entity, Buyers Holdings LLC, as a
17 prior owner of the account. (Exhibit 2, *Response to Request for Production*).

18      22.    Buyers Holdings LLC was the prior entity that sold the account to
19 Serengeti.

20      23.    There is at least one entity besides Serengeti, CCI, and LoanMe, the
21 alleged charge-off creditor, in the chain of title. Defendants' claim to be the sole
22 assignee in the chain of title is false.

23 ***Failure to provide statutorily mandated disclosures***

24      24.    Defendant Serengeti is a debt buyer and as such is subject to
25 California's Fair Debt Buying Practices Act, found at California Civil Code
26 §1788.50(a) *et seq*.

27 _____

28 [1] Exhibit 1, ¶¶6 and 16
   [2] Exhibit 1, ¶19
   [3] Exhibit 1, ¶12

25.    The State Court Complaint fails to state the names and addresses of all persons or entities that purchased the debt after charge-off, as required by California Civil Code §1788.58(a)(8).

**V.    Allegations Specific to Certain Claims for Relief**

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA)**

26.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

27.    Defendants Serengeti and Lannister violated the FDCPA. Defendants' violations include, but are not limited to the following:

a.    15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

b.    15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt; and

c.    15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt.

28.    Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

**SECOND CLAIM FOR RELIEF**

**(Violations of the FDBPA by Defendant Serengeti)**

29.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

30.    Serengeti's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a). Serengeti's violations of Cal. Civ. Code §1788.58(a) include, but are not limited to the following:

a.      Failing to state the names and addresses of all persons or entities that purchased the debt after charge-off, including the plaintiff debt buyer.

31.      As a proximate result of the violations of the California Fair Debt Buying Practices Act, Plaintiff is entitled to his actual damages, statutory damages, reasonable attorney's fees and costs of this action.

<b>PRAYER FOR RELIEF</b>

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

***FDCPA***

1.      An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Serengeti and Lannister and for the Plaintiff;

2.      An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Serengeti and Lannister and for the Plaintiff;

3.      An award of costs of litigation and reasonable attorney's fees against Serengeti and Lannister and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

***FDBPA***

4.      An award of actual damages pursuant to California Civil Code § 1788.62(a)(1) against Serengeti and for Plaintiff;

5.      An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.62(a)(1) against Serengeti and for Plaintiff;

6.      An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.62(c)(1) against Serengeti and for Plaintiff; and

7.      Such other and further relief this court may deem just and proper.

<b>JURY DEMAND</b>

1.      Plaintiff demands a trial by jury.

//
//
//

1    Date: March 31, 2020

2                             The Grace Law Group, APC

3

4                             By s/ Scott M. Grace

5                                Scott M. Grace
                               sgrace@gracelawapc.com

6

7                             Consumer Attorney Advocates, Inc.

8                             By s/ Patric A. Lester

9                                Patric A. Lester
                               pl@lesterlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Re: Sanchez v Serengeti Financial LLC, et al.
Case No. 5:20-cv-00146-FMO-SP
United States District Court, Central District of California

### CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

On the date below I electronically filed with the Court through its CM/ECF program and served through the same program the following

### FIRST AMENDED COMPLAINT

on the interested parties in said case as follows:

Paul Q. Goyette
Goyette & Associates, Inc.
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670

Attorney for Defendants Serengeti Financial, LLC and Lannister Law Corporation

For each addressee named above, that is not registered as a CM/ECF user, by First Class Mail, by placing a copy thereof in a separate envelope addressed to each addressee respectively, and then sealing each envelope and, with the postage thereon fully prepaid, then depositing each in the United States mail at San Diego,

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated March 31, 2020                    /s/Patric A. Lester
                                        Patric A. Lester
                                        Attorney for Duke Sanchez